**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 01-10954 (LHK) |
| **AMERICAN CLASSIC VOYAGES CO.,** ) | |
| **et al.,** ) | |
| ) | |
| Debtors. ) | |
| ) | |
| **AMERICAN CLASSIC VOYAGES CO.,** ) | |
| **et al., DEBTORS BY AND** ) | Adv. Proc. No. 03-56886 (PBL) |
| **THROUGH PAUL GUNTHER, PLAN** ) | |
| **ADMINISTRATOR,** ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **WESTAFF (USA), INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO WITHDRAW THE REFERENCE

Westaff (USA), Inc. ("Westaff"), by and through its undersigned counsel, hereby

moves the United States District Court for the District of Delaware (the "District Court") to enter

an order, in a form substantially similar to that enclosed as Exhibit "A" hereto, withdrawing the

reference of the above-captioned adversary proceeding (the "Adversary Proceeding") to the

United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") and

transferring this matter to the District Court.  In support hereof, Westaff respectfully states as

follows:

## FACTS

1.    On October 19, 2001, American Classic Voyages, Inc. (the "Debtor") and certain affiliated companies filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court.

2.    Plaintiff initiated the Adversary Proceeding by filing its Complaint in the Bankruptcy Court on October 14, 2003, naming Westaff as defendant.  The Complaint seeks relief pursuant to 11 U.S.C. §§547, 550, and 551.  The Complaint specifically alleges that this is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

3.    On May 19, 2005, Westaff filed its *Answer to Complaint, Affirmative Defenses, and Demand for Trial by Jury* ("Answer").  As suggested by its title, the Answer includes an express demand by Westaff for a jury trial with respect to all issues raised in the Adversary Proceeding.

## RELIEF REQUESTED AND ARGUMENT IN SUPPORT THEREOF

4.    Westaff hereby requests that the District Court enter an order that withdraws the reference of the Adversary Proceeding from the Bankruptcy Court to the District Court, for the purposes of conducting a jury trial with respect to all issues in the Adversary Proceeding.

5.    Under 28 U.S.C. §1334, jurisdiction over all cases under, arising in or related to cases under title 11 of the United States Code is vested in the federal district courts. Congress, however, provided that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge for the district."  23 U.S.C. §157(a).  This district has so provided pursuant to a standing order of reference dated September 6, 2001, which orders that "effective October 6, 2001, the automatic reference of chapter 11 cases to the judges

of the United States Bankruptcy Court for the District of Delaware shall be reinstated, pursuant to 28 U.S.C. §157(a)."

6.      Notwithstanding the automatic reference to the Bankruptcy Court, 28 U.S.C. § 157(d) provides the authority, under certain circumstances, for the mandatory or discretionary withdrawal of the reference.  *See,* 9 COLLIER ON BANKRUPTCY ¶5011.01 (Lawrence P. King et al. eds., 15th ed. revised, 2002).  28 U.S.C. §157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d).

7.      Westaff is unquestionably entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution.  *See, e.g., Granfinanciera, S.A. v. Norberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L. Ed. 2d 26 (1989) (holding that entity who has not filed a proof of claim is entitled to a jury, if otherwise entitled under the Seventh Amendment when sued by the trustee to recover a transfer).  Westaff did not file a proof of claim against the Debtor and, therefore, is entitled to a trial by jury herein.

8.      Here, withdrawal of the reference of the Adversary Proceeding should be granted pursuant to 28 U.S.C. § 157(d) because Westaff has exercised its right under the Seventh Amendment to the Constitution, and demanded a trial by jury.  It has consistently been held that the right to a trial by jury constitutes automatic "cause" to withdraw the reference.  *See, e.g., Torcise v. Cmty. Bank of Homestead,* 131 B.R. 503, 508 (S.D. Fla. 1991); *In re Am. Expressways, Inc.,* 161 B.R. 707 (D. Utah 1993); *In re Am. Cmty. Servs., Inc.,* 86 B.R. 681 (D.

Utah 1988) (holding cause to withdraw the reference automatically exists if party seeking

withdrawal is entitled to jury trial under the Seventh Amendment).

9.      A bankruptcy court may not conduct a jury trial (i) absent the express

consent of the parties, and (ii) if it is not specifically designated to conduct jury trials by the

applicable district court.  *See* 28 U.S.C. § 157(e)("If the right to a jury trial applies in a

proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge

may conduct the jury trial if specifically designated to exercise said jurisdiction by the district

court and with the express consent of all the parties").  In this jurisdiction, the District Court has

designated the Bankruptcy Court to conduct jury trials, and at any rate, Westaff does not consent

to a jury trial in the Bankruptcy Court.

10.      As such, the Adversary Proceeding must be tried by a jury before the

District Court.  *See In re Singer Co., N. V,* No. 01 Civ. 0165 (NHP), 2002 WL 243779, at *4

(S.D.N.Y Feb. 20, 2002) (holding that a jury trial must occur before the district court because a

party did not consent to the jury trial before the bankruptcy court).  Accordingly, the reference

should be withdrawn for purposes of adjudication and trial of the Adversary Proceeding.

## <u>WAIVER OF OPENING BRIEF</u>

11.      Westaff waives its right to file an opening brief in support of the Motion,

pursuant to Rule 7.1.2(a) of the Local Rules of the United States District Court for the District of

Delaware.

WHEREFORE, Westaff prays for an Order withdrawing the reference of the

Adversary Proceeding and transferring this matter to the District Court for all purposes, and for

such other relief as the District Court may deem just and proper.

Respectfully submitted,

HARVEY, PENNINGTON LTD.


Dated:  July 8, 2005                    By:  /s/ *James E. Huggett*
        Wilmington, Delaware              James E. Huggett, Esquire (DE Bar # 3956)
                                        "J" Jackson Shrum, Esq.
                                        John P. Hartley, Esq.
                                        Patrick Cosgrove, Esq.
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
(302) 351-1125 (telephone)
(302) 428-0734 (fax)
jhuggett@harvpenn.com

*Counsel to Westaff (USA), Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| | Case No. 01-10954 (LHK) |
| **AMERICAN CLASSIC VOYAGES CO.,** | |
| **et al.,** | |
| | |
| Debtors. | |
| | |
| **AMERICAN CLASSIC VOYAGES CO.,** | |
| **et al., DEBTORS BY AND** | Adv. Proc. No. 03-56886 (PBL) |
| **THROUGH PAUL GUNTHER, PLAN** | |
| **ADMINISTRATOR,** | Civil Action No. _____ |
| | |
| Plaintiff, | |
| v. | |
| | |
| **WESTAFF (USA), INC.,** | |
| | |
| Defendant. | |

### ORDER GRANTING THE MOTION OF WESTAFF (USA), INC. TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING

Upon consideration of the Motion of Westaff (USA), Inc. to Withdraw the Reference of Adversary Proceeding ("Motion"); and upon consideration of any and all objections and/or responses that were filed in opposition to the Motion; and notice of the Motion being adequate and sufficient; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT,** the automatic reference of the above-captioned adversary proceeding (the "Adversary Proceeding") to the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court") shall be and hereby is withdrawn,

and this matter shall proceed in the United States District Court for the District of Delaware (the

"District Court").


Dated:_____, 2005



_____
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-10954 (LHK) |
| **AMERICAN CLASSIC VOYAGES CO.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| **AMERICAN CLASSIC VOYAGES CO.,** | ) | |
| **et al., DEBTORS BY AND** | ) | Adv. Proc. No. 03-56886 (PBL) |
| **THROUGH PAUL GUNTHER, PLAN** | ) | |
| **ADMINISTRATOR,** | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **WESTAFF (USA), INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, James E. Huggett, hereby certify that on this 8th day of July, 2005, I served a copy of the Defendant's *Motion to Withdraw the Reference* on the parties listed on the attached service list, in the manner there indicated.


/s/ James E. Huggett
James E. Huggett (No. 3956)

721496_1

**VIA CM/ECF – ELECTRONIC MAIL**

Joseph J. Bodnar, Esquire
Monzack and Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, Delaware 19801