IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------------x
In re

AMERICAN CLASSIC VOYAGES CO., *et al.*,

                                Debtors.

---------------------------------------------------------------------x

AMERICAN CLASSIC VOYAGES CO., *et al.*,
DEBTORS, BY AND THROUGH PAUL GUNTHER,
PLAN ADMINISTRATOR,

                                Plaintiff,

    - against -

WESTAFF (USA), INC.,

                                Defendant.
---------------------------------------------------------------------x

Chapter 11
(Jointly Administered)
Case No. 01-10954 (JFF)

Adv. Proc. No. 03-56886 (PBL)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW THE REFERENCE**

      Plaintiff American Classic Voyages Co. ("AMCV") and the other above-captioned debtors and debtors-in-possession herein (collectively with AMCV, the "Debtors"), by and through Paul Gunther, the Bankruptcy Court appointed Plan Administrator (collectively, the "Plaintiff"), by its attorneys, Hahn & Hessen LLP and Monzack and Monaco, P.A. submits this opposition to the motion (the "Motion") of defendant Westaff (USA), Inc. ("Defendant" or "Westaff") to withdraw the reference of the above-captioned adversary proceeding to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and transfer such matter to the District Court for the District of Delaware (the "District Court") pursuant to 28 U.S.C. § 157(d).

1.      Based solely upon Westaff's demand for a jury trial and its refusal to consent to such trial in the Bankruptcy Court, Westaff seeks to have the reference withdrawn and this action removed to the District Court.  Westaff argues that its Seventh Amendment right to a jury trial constitutes automatic "cause" to withdraw the reference.  See Westaff Motion, ¶¶ 7-10.  Westaff is mistaken.  The mere assertion of a right to a jury trial is not, in and of itself, sufficient cause to justify withdrawal of the reference.  Moreover, interests of judicial economy, uniformity of decisions and timeliness of the motion also militate against withdrawal.  As demonstrated more fully below, Westaff's motion should be denied in its entirety.

## COUNTER-STATEMENT OF FACTS

2.      On October 14, 2003, Plaintiff filed the present adversary proceeding to recover allegedly preferential transfers paid by the Debtors to Westaff totaling $144,636.79.  That same day, Plaintiff served Westaff by mail with a summons and complaint (a) to the attention of its President, Dwight S. Pederson, at its corporate headquarters and (b) to Westaff's agent for service of process, CT Corporation.  Westaff failed to respond to the Complaint.  Thereafter, in November 2003, Plaintiff also endeavored to serve Westaff's agent personally.  Westaff's agent refused to accept service.

3.      On November 13, 2003, Plaintiff filed with the Bankruptcy Court a motion to enlarge its time to serve process in this and other adversary proceedings.  Good cause having been shown, the Bankruptcy Court, by order dated December 22, 2003, enlarged Plaintiff's time to serve process until June 25, 2004 (the "December Order").  Plaintiff served a copy of the December Order on Westaff.  On or about January 20, 2004, Plaintiff delivered a copy of the summons and complaint to Westaff's counsel.

4.   Although service of process had previously been effectuated, on May 17, 2004, within the time permitted by the December Order, Plaintiff served alias summonses and the complaint upon "Westaff, Inc.", "Westaff (USA), Inc.", "Westaff (CA), Inc." and their agent for service of process, CT Corporation. The alias summonses and complaints were served on a total of seven addresses listed for Defendant, totaling 21 separate services.

5.   On June 23, 2004, Westaff moved to dismiss the complaint based upon allegations of insufficient process and failure to state a cause of action. The motion was untimely as it was filed more than thirty days after the May 17, 2004 service. Plaintiff's counsel advised Westaff's counsel of the October and May 2004 services and the Court's December order extending time. Westaff's counsel, however, refused to withdraw its motion. By decision and order dated October 1, 2004, the Bankruptcy Court denied Westaff's motion.

6.   On October 11, 2004, Westaff filed a Notice of Appeal from the Bankruptcy Court's interlocutory order without moving for leave to pursue its appeal as required by the Judicial Code and by the Federal Rules of Bankruptcy Procedure. See 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8001(b). Thereafter, in accordance with this Court's standing order, this case was sent to mediation on November 3, 2004. No formal mediation sessions were conducted because counsel for Westaff failed to appropriately respond to the mediator's requests to schedule mediation sessions and was otherwise unavailable for mediation. On April 15, 2005, the mediator notified the Court and all parties that the mediation was complete.

7.   On April 28, 2005, this Court issued an order requiring Westaff to file its opening brief on appeal by May 13, 2005. Westaff failed to do so. Instead, five days after its time expired, on May 18, 2005, Westaff filed a belated motion to extend its time to file an opening

brief. The next day, on May 19, 2005, six months after the Bankruptcy Court denied its motion, Westaff filed its answer to the Complaint and jury trial demand.

8.      Thereafter, Plaintiff filed its opposition to Westaff's motion and a cross-motion to dismiss Westaff's appeal on the grounds that Westaff failed to obtain the statutorily required leave to appeal. On June 7, 2005, Westaff served its reply thereto. The parties' motions are presently sub judice.

### WITHDRAWAL OF THE REFERENCE IS PREMATURE AND CONTRARY TO WELL-ESTABLISHED THIRD CIRCUIT PRECEDENT

9.      By this motion, Westaff seeks withdrawal of the reference to the Bankruptcy Court based solely on the standards set forth for discretionary withdrawal. In providing for discretionary withdrawal, 28 U.S.C. § 157(d) states: "The district court may withdraw, in whole or in part, any cause or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*." (emphasis added). Although there is no guidance in the text of § 157(d) as to what constitutes "cause," it has been held that such language "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989). Thus, it is the movant, Westaff, who bears the burden to show cause. NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 907 (D. Del. 1996). Westaff has failed to meet its burden.

**A.    The Right to a Jury Trial Does Not Automatically Constitute "Cause" for Withdrawal**

10.     "It is well-settled that a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial." Official Comm. of Unsecured Creditors of Enron Corp. v. Lay (In re Enron Corp.), 295 B.R. 21, 27 (S.D.N.Y. 2003); see also Prudential

45668                                                      4

Sec. Credit Corp., LLC v. Pac. Pointe Escrow, Inc. (In re Apponline.com, Inc.), 303 B.R. 723, 727 (E.D.N.Y. 2004); Enron Power Mktg. v. City of Santa Clara (In re Enron Power Mktg.), 2003 U.S. Dist. LEXIS 189, No. 01 Civ. 7964 (S.D.N.Y. Jan. 8, 2003).  This Court has repeatedly found that a party's assertion of its Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the bankruptcy court, is not, in and of itself, sufficient cause for discretionary withdrawal.  See e.g., Official Comm. of Unsecured Creditors v. Instrument Sciences and Tech., Inc. (In re The IT Group, Inc.), 2004 U.S. Dist. Lexis 25515, No. 04 Civ. 857 (D. Del. Dec. 17, 2004); Shubert v. Lucent Tech., Inc. (In re Winstar Communications, Inc.), 2004 U.S. Dist. LEXIS 25169, No. 04 Civ. 928 (D. Del. Nov. 16, 2004); Wakefern Food Corp. v. C&S Wholesale Grocers, Inc. (In re Big V Holding Corp.), 2002 U.S.Dist. LEXIS 12609, No. 01 Civ. 233 (D. Del. July 11, 2002).

11.     Withdrawal of the reference based upon a party's entitlement to a jury trial should be deferred until the case is "trial ready".  See e.g., In re Big V Holding Corp., 2002 U.S. Dist. LEXIS 12609, at *16-17; Northwestern Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re Northwestern Institute of Psychiatry, Inc.), 268 B.R. 79, 84 (Bankr. E.D. Pa. 2001); Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163 B.R. 177, 179 (D. Nev. 1993) (refusing to withdraw reference until "it is clear that a jury trial will be necessary and that the case is prepared and ready for such trail to commence").  Since it is not clear at this point that the case will even proceed to trial, it would be premature to withdraw the reference to Bankruptcy Court based upon the possibility that a jury trial may occur in the future.

B.     **The In re Pruitt Factors Do Not Support Withdrawal of the Reference**

12.     Although not addressed by Westaff, the Court of Appeals of the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists

for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990). Each of these factors militates against withdrawing the reference to the Bankruptcy Court.

13.     Considerations of uniformity on bankruptcy administration support the proceeding being heard in Bankruptcy Court. Plaintiff's preference claim is purely bankruptcy related and the resolution of its claim will effect the distribution to creditors within the proceeding. Moreover, maintaining the proceeding in Bankruptcy Court will diminish the risk of forum shopping and will lessen confusion by fostering consistent administration of the estate. See In re Winstar Communications, 2004 U.S. Dist. LEXIS 25169 at *10-11. The Bankruptcy Court is in a better position to monitor the progress of this litigation because it has it finger on the pulse of all the proceedings related to the Debtors' bankruptcy, including the hundreds of other preference cases that have already been administered by the Bankruptcy Court with these Debtors. See e.g., Business Communication, Inc. v. Freeman, 129 B.R. 165, 166 (N.D. Ill. 1991).

14.     Courts have repeatedly recognized that because of considerations of judicial efficiency, it would be imprudent to withdraw the reference at an early stage in the litigation. Here, there has been no discovery by either party as to Plaintiff's claim or Westaff's defenses. In fact, despite numerous attempts by Plaintiff, Westaff has repeatedly refused to discuss the merits of this action, instead choosing to engage in procedural motion practice and the appeal of an unfavorable decision.

15.     As numerous courts have held, it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial.  See e.g., In re Enron Corp., 295 B.R. at 28;  Plan Administrator v. LoneStar RV Sales, Inc. (In re Conseco Finance Corp.), 324 B.R. 50, 56 (N.D. Ill 2005).  If the claims are allowed to remain in the Bankruptcy Court, the parties will be able to "concentrate all of their related claims before one tribunal, thereby minimizing confusion, inefficiency, financial costs, and jurisdictional overlap between the district and bankruptcy courts." Vista Metals Corp. Metal Brokers Int'l, Inc., 161 B.R. 454, 459 (E.D. Wis. 1993).  This is particularly true with respect to preference cases filed in this district which are subject to a uniform standing, expedited procedures order in the Bankruptcy Court and are automatically being assigned to Bankruptcy Judge Lindsey.

16.     As noted by the district court in Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992):

> A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and the bankruptcy courts.  Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find away out of bankruptcy court.

17.     The cases relied upon by Westaff are easily distinguishable.  In Torcise v. Community Bank of Homestead, 131 B.R. 503 (S.D. Fla. 1991), the court expressly stated that although the defendant was entitled to a jury trial in the district court, such trial would be "after all pretrial matters including discovery and pre-trial motions, have been address by the bankruptcy court consistent with the full extent of its powers under the 1984 Bankruptcy Amendments and the Constitution." Id., at 508.  American Community Servcs., Inc. v. Wright

Marketing, Inc. (In re American Community Servcs., Inc.), 86 B.R. 681 (D. Utah 1988) involved the jury trial of a non-core proceeding. Plaintiff's preference action is indisputably a core proceeding. 28 U.S.C. § 157(b)(2)(F); see also Reading China & Glass Co. Inc. v. India Exotics (In re Reading China & Glass Co. Inc.), 126 B.R. 35 (E.D. Pa. 1991). Finally, the district court in Rushton v. Philadelphia Forest Products, Inc. (In re Americana Expressways, Inc.), 161 B.R. 707 (D. Utah 1993) denied defendant's motion to withdraw the reference.

18. Westaff has not, and cannot, allege that it will suffer any prejudice if the litigation is not withdrawn until it is ready to proceed to trial. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's motion in its entirety.

Dated: Wilmington, Delaware
July 18, 2005

**MONZACK AND MONACO, P.A.**

By: /s/ Joseph J. Bodnar
Francis A. Monaco, Jr. (#2078)
Joseph J. Bodnar (#2512)

1201 Orange Street, Suite 400
Wilmington, Delaware 19807
(302) 656-8162

-and-

**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
(212) 478-7200
Attn: Mark T. Power, Esq.
Maria A. Arnott, Esq.

Attorneys for American Classic Voyages Co., *et al.*, by and through Paul Gunther, Plan Administrator

45668                                                             8