IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | District Court Case No. |
| AMERICAN CLASSIC VOYAGES CO., *et al.*, | ) ) ) | Chapter 11 Bankruptcy Court |
| Debtors. | ) ) | Case No. 01-10954 (LHK) (Jointly Administered) |
| AMERICAN CLASSIC VOYAGES CO., *et al.*, DEBTORS, by and through PAUL GUNTHER, PLAN ADMINISTRATOR, | ) ) ) ) ) | |
| | ) | Adv. Pro. No. 03-56886 (PBL) |
| Plaintiff, | ) ) | **Civil Action No. _____ (  )** |
| v. | ) ) | |
| WESTAFF, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO WITHDRAW THE REFERENCE
OF THIS ADVERSARY PROCEEDING FROM THE UNITED STATES
<u>BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE</u>**

The Defendant submits this *Reply* to the Plaintiff's *Response* to the Defendant's *Motion to Withdraw the Reference of this Adversary Proceeding from the United States Bankruptcy Court for the District of Delaware* (the "*Motion*"). Initially, paragraphs 2-8 (and 14) of the *Response* have no legal or factual bearing on the *Motion* and, for that reason, the Defendant will not respond to same other than to say that they are disputed.

1.      The basis for the relief requested in the *Motion* is simple and unchallenged in the *Response* - the Defendant has demanded (and does demand) a trial by jury in this adversary proceeding and the Bankruptcy Court cannot conduct jury trials. Accordingly, the reference should be withdrawn so that the jury trial can be conducted in a district court – **the only court authorized by law to conduct such a trial**.

715524-1

2.      The foregoing is based on black-letter law as set forth by the U.S. Supreme Court (cited in the *Motion*) and is neither novel nor complex. Unable to cite a statute or decision challenging that law, the *Response* instead focuses on "interests" that allegedly militate against the Motion: "uniformity in bankruptcy administration", the "effect on the distribution to creditors", "administrative convenience/efficiency", "forum shopping and confusion", etc. These are briefly – in keeping with the notion of a "reply" - addressed below.

3.      As to "**uniformity in bankruptcy administration**", the Response is all sizzle and no steak. It says nothing whatsoever about why or how it would be "uniform" to deny the Motion or how "bankruptcy administration" would be eased by denying the Motion. This Court is asked to accept that the Bankruptcy Court has its "finger on the pulse" of the Debtors' bankruptcy cases and that same is relevant to the Motion, but why? What is the "pulse" of the Debtors' bankruptcy cases and how does it relate to the allegations in Plaintiff's complaint? The complaint alleges 5 simple elements (per 11 U.S.C. §547(b)) that can be and are routinely addressed in district courts across the country every day of the year. Is there a district court judge (here or anywhere) who cannot understand and apply that statute with little difficulty? Finally, how is the bankruptcy court "in a better position" to monitor this lawsuit? Can this Court not keep track of a routine civil action?

4.      The Response notes that resolving Plaintiff's claim will "**effect the distribution to creditors**" in the Debtors' cases and cites this as a reason to deny the Motion. What substantive decision does any court make anywhere, any day, in any bankruptcy case or adversary proceeding/civil action that has <u>no effect</u> on the distribution to creditors? If this were a basis to deny the Motion there would be no reason to withdraw the reference ever, in any litigation. This Court can easily enter a judgment and that judgment – whatever it may be - can be addressed in the Debtors' bankruptcy cases, like any other judgment of any other court.

715524-1

5.      The *Response* speaks of "**administrative convenience and efficiency**" concerns and those of "**judicial economy**".  It is entirely unclear to the Defendant why (or whose) "administrative convenience and efficiency" concerns or those of "judicial economy" would be furthered - and if so how - by denying the Motion.  If the Motion is granted this lawsuit will proceed just like the thousands of others that proceed in this and other courts (district, bankruptcy and otherwise) every day of the year.  Again, the only difference is that if the Motion is granted, the suit will proceed <u>in a court that is legally authorized to try the suit</u>.  Granting the Motion also vindicates the Defendant's jury trial right, which (given its long history and significance in American jurisprudence) is far more important than any convenience-related concerns.

6.      The *Response*'s focus on **confusion**" is equally unavailing.  Who is "confused" by this litigation?  Who is confused by the *Motion*?  Who would be "confused" if the *Motion* is granted and about what would they be confused?  How would any such "confusion" have any bearing on the facts and law at issue before the court in this routine preference suit?

7.      Finally, as to paragraphs 17 and 18 of the *Response*, Plaintiff does not "distinguish" the cited cases at all.  Instead, these paragraphs (a) tacitly admit the reference must and ultimately will be withdrawn to vindicate the Defendant's jury trial right but (b) ask that the Court do so only at the end of discovery and pre-trial proceedings.  Plaintiff seeks to conduct <u>everything but the actual trial</u> in another court but then move the trial to another court.  **Why would it be "sensible" to conduct motion practice, discovery and complete pre-trial proceedings in a court that from the start has no legal right to ever try – and never will try - the case?  Why would it be "sensible" to present a district court judge (and jury) with a case they have not worked on and know nothing about at (literally) the last minute – at jury selection and trial?**

715524-1

8. The Court is of course free to delay withdrawing the reference should it choose to do so – but for what reason? Even if the Court delayed withdrawal, the trial will ultimately be held in a district court. At any rate, Plaintiff's position addresses timing, not the merits of the Motion.

Respectfully submitted,

HARVEY, PENNINGTON LTD.

Dated: July 25, 2005       By:  /s/ *James E. Huggett*
James E. Huggett, Esquire (# 3956)
"J" Jackson Shrum, Esquire
John P. Hartley, Esquire
Patrick Cosgrove, Esquire
913 N. Market Street, 7th Floor
Wilmington, Delaware 19801
(302) 351-1125 (telephone)
(302) 351-1919 (fax)
james.huggett@harvpenn.com

*Counsel to Westaff (USA), Inc.*

715524-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | District Court Case No. |
| | ) | |
| AMERICAN CLASSIC VOYAGES CO., *et al.*, | ) | Chapter 11 |
| | ) | Bankruptcy Court |
| Debtors. | ) | Case No. 01-10954 (LHK) |
| | ) | (Jointly Administered) |
| | ) | |
| AMERICAN CLASSIC VOYAGES CO., *et al.*, DEBTORS, by and through PAUL GUNTHER, PLAN ADMINISTRATOR, | ) ) ) | |
| | ) | Adv. Pro. No. 03-56886 (LHK) |
| Plaintiff, | ) | |
| | ) | **Civil Action No. _____ ( )** |
| v. | ) | |
| | ) | |
| WESTAFF, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, James E. Huggett, Esquire, hereby certify that on July 25, 2005, I served a copy of the *Defendant's Reply to the Plaintiff's Responses to the Defendant's Motion to Withdraw the Reference of this Adversary Proceeding from the United States Bankruptcy Court for the District of Delaware* on the parties listed on the attached service list, in the manner there indicated.

      /s/ *James E. Huggett*
      James E. Huggett, Esquire (# 3956)

715524-1

**Via First Class Mail and/or via CM/ECF**

Joseph J. Bodnar, Esquire
Monzack and Monaco, P.A.
1201 Orange Street, Suite 400
Wilmington, Delaware 19801

715524-1