IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| AMERICAN CLASSIC VOYAGES CO., | : |
| et al., | : Bankruptcy Case No. 01-10954- |
| | : LHK |
| Debtors. | : |
| | : |
| AMERICAN CLASSIC VOYAGES CO., | : |
| et al., DEBTORS, by and through | : |
| PAUL GUNTHER, PLAN ADMINISTRATOR, | : |
| | : Adversary No. 03-56886-PBL |
| Plaintiff, | : |
| | : Civil Action No. 05-619-JJF |
| v. | : |
| | : |
| WESTAFF (USA), INC., | : |
| | : |
| Defendant. | : |

Joseph J. Bodnar, Esquire and Francis A. Monaco, Jr., Esquire of MONZACK AND MONACO, P.A., Wilmington, Delaware.
<u>Of Counsel</u>: Mark T. Power, Esquire and Maria A. Arnott, Esquire of HAHN & HESSEN LLP, New York, New York.
Attorneys for Plaintiffs.

James E. Huggett, Esquire, J. Jackson Shrum, Esquire, John P. Hartley, Esquire, and Patrick Cosgrove, Esquire of HARVEY, PENNINGTON LTD., Wilmington, Delaware.
Attorneys for Defendant.

**MEMORANDUM OPINION**

February 7, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant Westaff (USA), Inc.'s ("Westaff") Motion To Withdraw The Reference (D.I. 1). For the reasons discussed, the Court will deny Westaff's Motion.

### BACKGROUND

On October 19, 2001, American Classic Voyages, Inc. and certain affiliated companies (collectively, the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. On October 14, 2003, Plaintiff filed the instant Adversary Proceeding seeking to recover allegedly preferential transfers paid by the Debtors to Westaff. On May 19, 2005, Westaff filed its answer and demand for a jury trial. By its Motion, Westaff seeks to withdraw the reference of the Adversary Proceeding.

### PARTIES' CONTENTIONS

Westaff contends that, because it has demanded a jury trial and does not consent to a jury trial in the Bankruptcy Court, this Court must withdraw the reference. Westaff argues that its demand for a jury trial is sufficient cause, by itself, to warrant discretionary withdrawal. In response, Plaintiff contends that the assertion of a right to a jury trial is not of itself sufficient cause for withdrawal, and that withdrawal would be premature at the current stage of the proceedings. Plaintiff

1

further contends that the factors set forth by the Third Circuit in In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990), weigh against withdrawal.

## DISCUSSION

District Courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), District Courts may refer cases under title 11 to the Bankruptcy Court for disposition. Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the District Court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal. In this case, Plaintiffs seek withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R.

367, 371 (D. Del. 1989)(citations omitted). In addition, the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

"Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is 'whether the parties have requested a jury trial.'" In re NDEP Corp., 203 B.R. 905, 908 (D. Del. 1996) (quoting Hatzel, 106 B.R. at 371). However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal. "[I]t is well-settled that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.'" In re Apponline.Com, 303 B.R. 723, 727 (E.D. N.Y. 2004) (quoting In re Enron Corp., 295 B.R. 21, 27 (S.D. N.Y. 2003) (internal citations omitted)). A District Court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the

3

proceedings and dispositive motions may resolve the matter.  See In re Apponline.Com, 303 B.R. at 728; In re Enron Power Mktg., Inc., 2003 WL 68036, at *10-11 (S.D. N.Y. 2003); In re Enron Corp., 295 B.R. at 27-28.  "Courts have . . . recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial."  In re Enron Corp., 295 B.R. at 28 (citing In re Kenai Corp., 136 B.R. 59, 61 (S.D. N.Y. 1992)).

    Here, the Adversary Proceeding, though it was filed over two years ago, is still in its preliminary stages.  No discovery has taken place, and dispositive motions could resolve the matter.  Moreover, because it is a core proceeding with which the Bankruptcy Court is already familiar, the continued handling of the matter by the Bankruptcy Court would foster efficient use of judicial resources, promote uniformity in bankruptcy administration, and avoid confusion.  Therefore, the Court concludes that the factors set forth in In re Pruitt weigh against withdrawal of the reference.  Accordingly, the Court will deny Westaff's Motion.

    An appropriate order will be entered.